J. L. Ingram, *Plaintiff in Error,* v. W. E. Taylor, *Defendant in Error.*

Division B.

Opinion filed December 22, 1928.

*William Fisher,* for Plaintiff in Error;

*Phillip D. Beall* and *John M. McCoe,* for Defendant in Error.

Per Curiam.—The contract herein for the sale and purchase of described land "at and for the sum of Thirteen Thousand ($13,000) Dollars, of which sum the buyer has this day paid to the seller One Thousand ($1,000) Dollars, the receipt of which is hereby acknowledged, and agrees, subject to the terms and conditions of this agreement, to pay the additional sum of Twelve Thousand ($12,000) Dollars, as follows; to-wit: Two Thousand ($2,000) Dollars at time of taking title, the balance of Ten Thousand ($10,000) Dollars to be paid at the rate of One Thousand ($1,000) Dollars every six (6) months, the deferred payments bearing interest at the rate of Six (6%) per cent per annum, payable semi-annually,—

"The sellers agree, at their own cost and expense, to furnish the buyer with complete Abstract of Title to said property within ———————— day from date hereof, and the buyer to have fifteen (30) days from date of delivery of said abstract within which to have the title to said property approved. If record title to said property, as shown by abstract, is not good in the opinion of the attorneys for buyer, the above sum of One Thousand ($1,000) Dollars is to be returned to buyer upon surrender of the abstract of title and this contract shall stand rescinded, or at option of buyer he may accept the title require performance of this contract; provided, that if on or before the expiration of said fifteen (30) days buyer fails to furnish seller written opinion of attorneys of buyer disapproving record title and specifically pointing out grounds of disapproval buyer shall be conclusively presumed to have accepted title and be bound to perform. In event buyer fails and refuses to complete purchase hereunder, sellers at their option may require specific performance to retain deposit as liquidated damages and treat this contract at an end."

The second amended declaration alleges that the defendant furnished an abstract of title to plaintiff purchaser on February 1, 1926; "that the plaintiff duly performed all the conditions of said contract on his part; that plaintiff's attorney, on to-wit, the 4th day of February, 1926, rendered his written opinion that the title to said real estate, *as shown by the abstract* furnished to plaintiff by defendant, was not good; that plaintiff, on, to-wit, the 5th day of February, 1926, furnished defendant with the written opinion of plaintiff's attorney disapproving the title and specifically pointing out grounds of disapproval (copy of which written opinion is attached to this declaration and made a part thereof); that this plaintiff on, to-wit, the 5th day of February, 1926, surrendered the said abstract of title to

defendant and demanded that defendant return to plaintiff the said One Thousand ($1,000) Dollars which plaintiff had deposited with said defendant, as heretofore alleged, but that no part of the same has been paid; that the defendant did not furnish, on the 13th day of February, 1926, (the day this suit was instituted) nor has he at any other time prior thereto furnished or offered to furnish plaintiff with any other abstract to title except the one which plaintiff's attorney disapproved and which showed that defendant's title was bad, that the record title of defendant to said real estate, *as shown by said abstract,* was not good for'' stated reasons.

The action is to recover the $1,000.00 paid on the contract. A general demurrer to the declaration was sustained and the plaintiff not amending, the action was dismissed. Writ of error was taken by the plaintiff.

The allegations admitted by the demurrer show that the record title, *as shown by the abstract,* was not good in the opinion of the attorney for the buyer for reasons given in writing apparently predicated upon the abstract of title, and that within the time allowed the plaintiff returned the abstracts of title to the defendant and demanded the return of the one thousand dollars paid on the contract by the plaintiff.

The declaration does not wholly fail to state a cause of action therefore the demurrer should have been overruled.

Judgment of dismissal reversed.

WHITFIELD, P. J. AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.