SPRINGFIELD FIRE & MARINE INSURANCE COMPANY v. MRS. J. J. SHEA, a widow.

168 So. 651.
Division B.
Opinion Filed June 1, 1936.

*Batchelor & Rinehart,* for Petitioner;

*Lilburn R. Railey,* for Respondent.

BUFORD, J.—In this case we are asked to review a judgment of the Circuit Court affirming the judgment of the Civil Court of Record of Dade County, Florida.

The sole contention is that the Circuit Court failed to follow the essential requirements of law in affirming that judgment in the face of the record showing that demurrer had been sustained to the amended fourth plea of the defendant.

The suit was on a fire insurance policy.

The amended fourth plea was as follows:

"By the terms of the policy sued on, it is expressly provided that the entire policy shall be void, unless otherwise provided by agreement endorsed thereon or added thereto, if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by the policy by virtue of any mortgage or trust deed, and yet so it was that subsequent to the issuance of the policy in suit, and prior to the alleged fire, with the knowledge of the Plaintiff assured and by her act foreclosure proceedings under a mortgage were commenced and notice of sale given without the Defendant's knowledge or consent, said foreclosure suit having been brought in the Circuit Court of Dade County, Docket No. 31896, by J. Helseth, as Complainant, v. Evelyn Shea, John J. Shea, her husband, *et al.,* as Defendant. A certified copy of pleadings in said chancery suit and of the Court's orders therein and of the proof of publication of notice of sale therein are herewith exhibited and made a part of this plea, marked Defendant's Exhibit 'A.' "

The insurance policy contained the following provision: "This entire policy, unless otherwise provided by agreement

endorsed hereon or added hereto, shall be void * * * if with the knowledge of the insured foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed."

The certified copy of the pleadings in the chancery suit referred to in the amended Fourth Plea and made a part thereof, shows upon the face thereof that they were not proceedings to foreclose any mortgage or trust deed. The suit referred to was instituted by one Helseth against the insured and others for the purpose of establishing title in Helseth to the insured property.

It was alleged by the amended and supplemental bill in effect that Mrs. Shea had a deed to the property from Miami Bank & Trust Company, which corporation held the legal title as trustee for Helseth and that Mrs. Shea acquired no beneficial interest in the property by virtue of the deed; that she had made certain payments on the property to Miami Bank & Trust Company for the account of Helseth, but that these payments had been refunded to her by Helseth and prayed that Mrs. Shea be required to execute a deed to him for the property or else that a Special Master be appointed for that purpose. To this amended and supplemental bill the defendant Shea filed an answer and cross complaint in which she alleged that she had made all the payments on the purchase contract; that she is the owner in fee simple of the land described in complainant's amended and supplemental bill of complaint; that she purchased same for a valid consideration from the Miami Bank & Trust Co. as Trustee. She then alleges:

"This defendant would further show to the Court that at various and sundry times she has advanced to and paid on behalf of the complainant in addition to the sums paid on said contract, part of which are set forth in complain-

ant's amended and supplemental bill of complaint various and sundry other sums of money as shown on itemized statement hereto attached marked Exhibit 'A' and made a part hereof; that the complainant married this defendant's mother in the year 1926; that from the time of said marriage the complainant's wife was almost continuously sick; that the complainant and his wife lived in a garage apartment on property in Coconut Grove which belongs to this defendant and which was the defendant's home; that for a greater part of said time the complainant and his wife ate at this defendant's table; that the complainant was unable to pay doctor's bills, nurses' hire, for medicine and hospital bills and funeral expenses and that this defendant from time to time advanced various and sundry sums for said purposes aggregating $2,137.00 for all of which sums and for an additional sum for board and rent in the sum of $2,492.00 which this defendant claims as a reasonable board and rental the complainant is indebted to this defendant, and all of which sums are past due and unpaid and that the complainant has failed and refused to pay said sums, although often requested so to do.

"13. This defendant would further show to the Court that it was the understanding of this defendant that any right that the complainant has or may have had in and to the property in said bill of complaint described was conveyed to this defendant in partial payment of the indebtedness hereinbefore described; but if in truth and in fact the said conveyance was not an absolute conveyance, of all the interest that the complainant has or may have had in and to the property in said bill of complaint described, and if, the said interest of the complainant was conveyed to this defendant only for the purpose of securing such sums of money as should be due and owing from the complainant

to this defendant as set forth in said bill of complaint and in Exhibit 'B' attached thereto and made a part thereof, then this defendant and cross complainant claims a lien on any interest that the complainant, J. Helseth, may have in and to the said described premises for the sum of money so advanced by this defendant and otherwise due her from the said complainant, J. Helseth."

The prayer of the bill was as follows:

"WHEREFORE, this defendant and cross complainant prays that an accounting be taken of the sums due this defendant and cross complainant from the said complainant and cross defendant, J. Helseth, and that the said J. Helseth be decreed to pay to this defendant and cross complainant such sums as may be found to be due her for principal and interest on said indebtedness and the costs of court by her in this behalf incurred. That such sums so found to be due on such accounting be decreed to be a lien against the premises described in complainant's amended and supplemental bill of complaint and the building or buildings situated thereon and that the said complainant be decreed to pay said sums so found to be due on a day certain to be fixed in said decree and that upon the failure of the said complainant to pay the sums of money so decreed to be paid to this defendant that the said premises be sold to satisfy the said decree with costs of suit and costs of sale; that it further be provided in and by the said decree that this defendant or any of the parties to this suit may become purchaser and/or purchasers at said sale; that in the event this defendant shall become purchaser of said property at such sale that she may be allowed to offset against her bid the amount so decreed to be paid this defendant in this cause. This defendant further prays that in the event of such sale and if the said premises shall not sell for suf-

ficient to pay the sum found to be due this defendant that the amount for which said premises sell be allowed as a credit to such extent only against said decree."

The final decree, amongst other things, adjudicated as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Evelyn Shea, holds the title to the following described land in Dade County, Florida, to-wit: Lot 10, Block 19, TAMIAMI CITY, according to plat thereof recorded in Plat Book 14, page 9, of the Public Records of Dade County, Florida, as security for the payment of such sums as may have been advanced by her for and on behalf of the plaintiff, J. Helseth, and his wife, Susan Helseth, and that the said defendant and cross plaintiff do have and recover of and from the plaintiff, J. Helseth, the sum of $511.84, together with interest thereon from September 21, 1932, to the date of payment.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that to apply on said payment that the clerk of this court pay to the said Evelyn Shea, the defendant and cross plaintiff, or to her attorney of record the sum of $215.83 which has heretofore been deposited in court as a tender by the plaintiff.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the moneys herein decreed to be paid within five days from date of this decree; that in default of said payment being made that the hereinbefore described land be sold by the master in chancery heretofore acting in this cause at public outcry to the highest and best bidder for cash before the south door of the court house in the City of Miami, Florida, after first giving public notice by advertising in a newspaper published in Dade County, Florida, the time and place

of said sale, said advertisement to be published once a week for four consecutive weeks prior to the date of said sale."

The decree was dated the 23rd day of November, 1932. The policy was executed March 20, 1931, and expired March 20, 1934. The buliding was destroyed by fire on the 9th day of March, 1933.

In Kelly Company v. St. Paul Fire & Marine Insurance Co., 56 Fla. 456, 47 Sou. 742, it was held that a clause like that contained in the policy here involved constituted a wise and proper safeguard to the insurer against the greatly increased risk consequent upon the circumstances provided against by that provision. This holding was approved in Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 Sou. 985.

Now it is clear that the purpose of such a clause in an insurance policy is to protect the insurer against that temptation which a dishonest insured might be inclined to yield to, in event proceedings should be instituted to foreclose a mortgage or a trust deed. Those conditions, however, which that clause was inserted to protect against do not exist in this case. Here the complainant in chancery suit did not proceed upon the theory that he held any lien against the property, but he proceeded upon the theory that the insured held property in trust for him and prayed for a decree decreeing title to the property to be in him. The insured denied that that condition existed, but by way of counter claim averred that she held the legal title and that if the complainant in that suit had any equity claim against the property she was entitled to a foreclosure of whatever equity the complainant might have for the repayment of moneys which she had advanced to the complainant.

The court in the final decree adjudicated that the defendant in that suit held the title to the lands involved as security

for the payment of such sums as may have been advanced by her for and on behalf of the plaintiff Helseth and his wife and that the defendant and cross plaintiff should have and recover from the plaintiff Helseth certain sums of money and in default thereof that the property should be sold to satisfy her claim.

So it is, that under the facts as shown to exist by the pleadings here, it was at all times to the benefit of the insured to protect the property from loss by fire, or otherwise, and there was no basis as disclosed by the pleadings for a holding that the policy had become void because of the existence of conditions attempted to be set up in the amended Fourth plea. In other words, the amended Fourth plea, with exhibits attached thereto and made a part thereof, failed to set up that state of facts necessary to void the policy under the clause attempted to be pleaded. The plea did not set up a good and valid defense. Therefore, the Circuit Court did not fail to observe the essential requirements of the law in affirming the judgment of the Civil Court of Record.

For the reasons stated, the writ of certiorari should be quashed. It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.