HARRY A. MEOLA, *et ux.*, and ELLA MEOLA, as Trustee for HARRY A. MEOLA, *et ux.*, v. GRACE P. SPARKS, *et vir.*, and EDNA H. PUGH, a Single Woman.

189 So. 408
Division B
Opinion Filed May 30, 1939
Rehearing Denied June 17, 1939

*McCune, Hiaasen & Fleming,* for Appellants;
*E. L. Lockhart,* for Appellees.

CHAPMAN, J.—The record in this case shows the parties hereto on February 25, 1936, at Miami Beach, Florida, entered into an agreement to buy and sell a lot of land situated in Miami Beach, Florida. The appellants here deposited $200.00 and agreed to pay the total sum of $3,750.00, of which the initial payment of $200.00 was a part. The trade was to have been closed within thirty days after delivery of an abstract of title showing a good and marketable title, and if the title, upon examination, was found not to be good or marketable, the vendors should have a reasonable time in which to make the title good and marketable. If the title was not made good and marketable within a reasonable length of time, then the $200.00 paid should be returned to the purchasers.

It is admitted on the record that Andrew G. Pugh died March 20, 1931, and left heirs, viz., Jessie M. Pugh, his widow, and Ednah H. Pugh and Grace P. Sparks, his daughters, and that deceased's widow and son-in-law were appointed by the Probate Court of Franklin County, Ohio, as Administratrix and Administrator, respectively, of the Andrew G. Pugh estate. Jessie M. Pugh, deceased's widow, conveyed her interest in the property involved in this suit

to Grace P. Sparks and Edna H. Pugh. A certified copy of the probate proceedings of Franklin County, Ohio, as affected the Andrew G. Pugh estate, was filed and recorded in the County Judge's Court of Dade County, Florida. The point was made that ancillary proceedings were not made or had in Dade County, Florida, on said estate and such a proceeding was necessary to put at rest the possible claims of creditors of the Pugh estate and such a proceeding would defer a closing under the contract of sale in the case at bar.

The vendors of the property suggested to the purchasers, as a means of closing the trade at an early date and within the time named in the sales agreement, that (a) the purchase price money be placed in escrow and be paid to the vendors only when the claims of the creditors of Andrew G. Pugh were barred by a proper court order; or (b) that the vendors make a conveyance to the purchasers of the property and that a bond suitable to the purchasers be entered into by them and in this manner fully indemnify the purchasers from all possible loss due to the claims of creditors against the Pugh estate. The suggestions were each repudiated by the purchasers and when the vendors tried to return to the purchasers their $200.00 deposit and requested a cancellation of the purchase agreement it was refused by the purchasers. It was agreed to by counsel of record that the property here involved was increasing in value and a delay in closing was to the purchaser's financial advantage.

On June 30, 1936, Harry A. Meola by a quit claim deed conveyed to his wife, Ella Meola, his claims and interest acquired under the contract in said lands and the quit claim deed was immediately recorded in Dade County, Florida. Likewise on June 30, 1936, a declaration of trust was executed by Harry A. Meola and wife, Ella Meola, and

the same recorded among the public records of Dade County, Florida.

The suit here is to quiet title to the land involved as against the quit claim deed, declaration of trust and sale agreement, and the lower court on final hearing decreed these instruments to be clouds on the title and cancelled the same of record by a final decree. An appeal was perfected from the final decree to this Court and one of the first assignments of error argued is that a reasonable time had not expired from February 25, 1936, to April 29, 1937, when the bill to quiet title was filed in the lower court. We do not think this contention has merit. See Reese v. Levin, 124 Fla. 96, 168 So. 651; Wilson Cypress Co. v. Stevens, 106 Fla. 717, 143 So. 661; Chabot v. Winter Park Co., 34 Fla. 258, 15 So. 756, 43 Am. St. Rep. 192.

Other assignments of error are presented and argued but it is not necessary to consider same in disposing of this case. In equity as well as in law every presumption is in favor of the ruling of the trial judge, and it is the duty of a party resorting to an appellate court to make the errors complained of fully to appear. Stover v. Stovall, 103 Fla. 284, 137 So. 249; Farrington v. Harrison, 95 Fla. 769, 116 So. 497.

We have not overlooked the evidence upon which the findings of the special master were based. The disputed questions of fact are for the Chancellor to decide and this Court will not interfere unless error clearly appears. This Court has repeatedly held that there is a presumption of correctness of the rulings of the lower court and on appeal the burden is on the person asserting error to show that error exists in the record. We fail to find, in our examination of the record here, error committed by the lower court.

Where the evidence is conflicting, the findings of a chancellor will not be disturbed unless such findings are

clearly shown to be erroneous. This rule has been observed by this Court from its earliest history. See Waterman v. Higgins, 28 Fla. 660, 10 So. 97; Fuller v. Fuller, 23 Fla. 236, 2 So. 426; Lewter v. Price, 25 Fla. 574, 6 So. 439; Bothamly v. Queal, 58 Fla. 396, 50 So. 415; Viser v. Willard, 60 Fla. 395, 53 So. 501; Theisen v. Whiddon, 60 Fla. 372, 53 So. 642; Bank of Jasper v. Tuten, 62 Fla. 423, 57 So. 238; Dixon Lumber Co. v. Jennings, 63 Fla. 405, 57 So. 615; Terra Ceia Estates v. Taylor, 68 Fla. 261, 67 So. 169; McGill v. Chappelle, 71 Fla. 479, 71 So. 836; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A. L. R. 25; Hill v. Beacham, 79 Fla. 430, 85 So. 147; Sandlin v. Hunter, 70 Fla. 514, 70 So. 553; Shad v. Smith, 74 Fla. 324, 76 So. 897; Edney v. Stinson, 90 Fla. 335, 105 So. 821.

The decree appealed from is hereby affirmed.

WHITFIELD and BROWN, J. J., concur.

THOMAS, J., concurs in conclusion.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.