61 So.2d 919 (1952)
PARADIS et ux.
v.
SECOND AVE. USED CAR CO.
Supreme Court of Florida, Division A.
December 16, 1952.
Padgett & Teasley, Miami, for appellants.
Brunstetter, Waldin & Netter, Miami, for appellee.
TERRELL, Justice.
Appellants executed an agreement with appellee for the sale of described real estate, the pertinent point of which was as follows:
"It is agreed that this transaction shall be closed and the purchaser shall pay the balance of the first payment and execute all papers necessary to be executed by him for the completion of his purchase within 30 days from delivery or tender to him of an abstract of the said property brought to date; otherwise the sum this day paid shall be retained by the seller as liquidated and agreed damages, and the seller shall be relieved from all obligations under this instrument."
Appellee deposited $4000 with appellants to apply on the purchase price, abstract of title was duly provided and several months later appellee notified appellants that buildings on the lands encroached on the adjacent properties for which the title was not satisfactory. Later appellee notified appellants that it would not accept *920 the lands and demanded refund of the sum paid as earnest money. The demand being refused, appellee instituted this suit for rescission and accounting. An answer and a cross-bill were filed and on final hearing the chancellor ordered the contract canceled and return of the earnest money to appellee with legal interest from date of the agreement. This appeal was prosecuted from the final decree.
The only point for determination is whether or not, under the facts stated, the vendors were entitled to retain the earnest money paid on the contract, as liquidated damages.
The vendors contend that this question should be answered in the affirmative because they exercised due diligence to remove the impediments in the title and did in fact remove them within reasonable time. They rely on Carr v. Stockton, 84 Fla. 69, 92 So. 814; Betts v. Thrasher, 103 Fla. 926, 138 So. 500; Meola v. Sparks, 138 Fla. 364, 365, 189 So. 408; Columbus Hotel Corporation v. Hotel Management Co., 116 Fla. 464, 156 So. 893 and Thomas v. Wood, 5 Cir., 37 F.2d 856, to support this contention.
The basis of appellants' claim is found in that part of the sales agreement providing that the sum paid "shall be retained by the seller as liquidated and agreed damages, and the seller shall be relieved from all obligations under this instrument." Appellants did not allege that they suffered any damages, nor did they offer any evidence to show that they were damaged by the alleged breach of the sales agreement.
This court is committed to the doctrine that provision in a sales agreement for "liquidated damages" or "penalty" in case the agreement is breached is not conclusive, but that it is a question of law to be determined by the court, depending on the terms of the instrument, its real character, the circumstances surrounding its execution and the conditions attending its breach. In Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, 6 A.L.R.2d 1395, the subject was thoroughly treated and we think concludes the question raised here.
The burden was on appellants to plead and prove the damages suffered for breach of the contract. They did not do this. In fact, it is not claimed that they suffered damages. They rely on the bald statement in the contract that the sum paid shall be retained as liquidated damages. They show no damages, no equity in their favor, or no conditions that would justify them holding the sum paid on the contract. The chancellor was correct in ordering return of the money so paid, but he was in error in requiring that appellants pay legal interest on it from the date of the contract. As to the requirement to pay interest his decree is reversed.
It results that the decree appealed from is affirmed in part and reversed in part.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.