**ADAMS v. COXE, et al.**
No. 3212.
Circuit Court, St. Lucie County.
August 9, 1966.

John T. Brennan of Carlton, McCain, Brennan & McAliley, Fort Pierce, for plaintiff.

Charles R. P. Brown of Brown & Alderman, Fort Pierce, Robert C. Kime, Palm Beach, and Timothy P. Boulton, Boca Raton, for defendants.

D. C. SMITH, Circuit Judge.

This cause has heretofore come on for trial before the court without a jury. The court has heard the testimony of the witnesses and argument of counsel for the respective parties.

The plaintiff seeks the recovery of a $5,000 deposit made by him in connection with the contemplated purchase of certain real property and alleges that the defendants wrongfully refuse to return same. The defendants deny such allegations.

It appears from the evidence that the plaintiff, Alto Adams, as purchaser, and the defendants, Loxie L. Cuthrell and Laura L. Cuthrell, as sellers, executed a deposit receipt agreement dated October 5, 1964, providing for the sale by such defendants of certain property therein described to the plaintiff for the sum of $25,000, and that $5,000 was paid by the plaintiff to the defendants, W. K. Coxe and Doris H. Coxe, d/b/a W. K. Coxe, Broker, and W. K. Coxe, Realtor, as a deposit on account of the purchase price of the property, the deposit to be held in escrow by the broker subject to the terms of the deposit agreement (Ptf.'s ex. #1).

The seller furnished an abstract of title and the purchaser's attorney, on November 6, 1964, rendered an opinion of title thereon. The first abstract of title failed to cover a certain portion of the property and a supplemented abstract was furnished. The purchaser's attorney, on November 30, 1964, rendered a supplemental opinion of title thereon. In his supplemental opinion, the purchaser's attorney, in addition to pointing out certain other defects in the title, stated that it was imperative that a survey and plat of the property be made by a reputable registered engineer, otherwise, the deposit should be

refunded and the parties released from further responsibilities. The sellers never furnished any survey.

On January 12, 1965, the purchaser, through his attorney, demanded a return of the deposit and advised that the abstract of title would be returned upon request. On the last mentioned date certain objections to the title, set forth in the opinions, had not been corrected (Tr. 15 and 20), there were errors in the property description contained in the agreement, and there was an encroachment on the property (Tr. 35-42, vol. II, and Dfts.' ex. #15).

The encroachment was not one of the defects of title specifically pointed out by the purchaser's attorney in his opinions — but this does not prevent the plaintiff from raising the question when he subsequently ascertained the fact. 92 C.J.S., Vendor & Purchaser, §217 (b), footnote 16, citing Ziebarth v. Manion, 296 Pac. 561, 161 Wash. 201.

This last cited case involved an action brought to recover the earnest money paid upon a contract for the purchase of real estate, and the court stated —

"It is true that the encroachment of the wall was not referred to in the opinion of the attorney who examined the title report and pointed out certain defects, but the fact that it was not there mentioned did not prevent the appellant from raising the question when he subsequently ascertained the fact.

"We have not mentioned any of the defects in the title pointed out in the opinion of the attorney examining the title report because it appeared to us that the matter of the encroachment upon lot 5 of the building erected upon lot 6 was controlling, and rendered the title not good, and made a showing sufficient to justify the appellant in recovering back the earnest money paid."

The agreement between the parties (Ptf.'s ex. #1), among other things, provided —

"In the event the title shall be proven to be unmerchantable, the Seller shall have a reasonable period of time after notification thereof within which to cure defects in title, and this sale shall be closed within 10 days after notice of such curing to the Buyer or his attorney. Upon Seller's failure to correct unmerchantability, the earnest money deposit shall be returned to the Buyer upon demand, and all rights and liabilities arising hereunder shall terminate.

Or, upon request of the Buyer, he shall deliver the title in its existing condition.

"Subject to the aforesaid curative period, this sale shall be closed on or before 45 days from delivery of abstract, otherwise the sum this day paid shall be retained by the Seller or Agent as liquidated and agreed damages and the parties hereto shall be relieved of all obligations hereunder."

The defendants have neither pled nor proved any damages. Apparently they rely upon the provision in the agreement that the sum paid shall be retained as liquidated and agreed damages. In Paradis v. Second Ave. Used Car Co., Fla. 1952, 61 So.2d 919, the Sureme Court of Florida stated —

"Appellants did not allege that they suffered any damages, nor did they offer any evidence to show that they were damaged by the alleged breach of the sales agreement.

"This court is committed to the doctrine that a provision in a sales agreement for 'liquidated damages' or 'penalty' in case the agreement is breached is not conclusive, that it is a question of law to be determined by the court, depending on the terms of the instrument, its real character, the circumstances surrounding its execution and the conditions attending its breach. In Pembroke v. Caudill, 160 Fla. 948, 37 So.2d 538, 6 A.L.R.2d 1395, the subject was thoroughly treated and we think concludes the question raised here.

"The burden was on appellants to plead and prove the damages suffered for breach of the contract. They did not do this. In fact, it is not claimed that they suffered damages. They rely on the bald statement in the contract that the sum paid shall be retained as liquidated damages. They show no damages, no equity in their favor, no conditions that would justify them holding the sum paid on the contract. The chancellor was correct in ordering return of the money so paid . . ."

It further appears from the agreement (Ptf.'s ex. #1) that the defendants, Loxie L. Cuthrell and Laura L. Cuthrell, executed the agreement and agreed to sell the property therein described to the plaintiff on the terms and conditions stated therein, and it further appears from the evidence that on November 5, 1965, when this suit was instituted, defendants, W. K. Coxe and Doris H. Coxe, d/b/a W. K. Coxe, Broker, and W. K.

Coxe, Realtor, had the $5,000 deposit, and that since the institution of this suit it was paid to the defendants, Loxie L. Cuthrell and Laura L. Cuthrell, and then $2,500 thereof was repaid by them to W. K. Coxe and Doris H. Coxe, d/b/a W. K. Coxe, Broker, and W. K. Coxe, Realtor.

From a consideration of the evidence, the court finds that the title to the property in question was unmerchantable on January 12, 1965. It is not shown that it was made merchantable prior to the institution of this suit on November 5, 1965. The plaintiff is entitled to a judgment in the sum of $5,000 against the defendants, W. K. Coxe and Doris H. Coxe, d/b/a W. K. Coxe, Broker, and W. K. Coxe, Realtor, and Loxie L. Cuthrell and Laura L. Cuthrell, therefor. 33 Fla. Jur. 529; Ingram v. Taylor, Fla. 1928, 119 So. 135; and Paradis v. Second Ave. Used Car. Co., supra.

The court reserved ruling until trial on plaintiff's motion to strike paragraph 7 of the answer filed herein by the defendants, W. K. Coxe and Doris H. Coxe, d/b/a W. K. Coxe, Broker, and W. K. Coxe, Realtor. It appears from the sheriff's return that service of summons was had upon the defendants, W. K. Coxe and Doris H. Coxe, d/b/a W. K. Coxe, Broker, and W. K. Coxe, Realtor, in the above entitled suit on November 5, 1965, and upon the defendant, Loxie L. Cuthrell, at 9:29 A.M. on November 8, 1965, and upon the defendant, Laura L. Cuthrell, at 9:30 A.M. on November 8, 1965. It appears from defendants' exhibits 11 and 12 that the trial of the law suit mentioned in said paragraph 7 filed in the circuit court of the fifteenth judicial circuit of Florida in and for Palm Beach County was not held until 9:30 A.M. on November 8, 1965. A counterclaim was filed in such suit. The plaintiff herein was not made a counterdefendant to said suit. The motion to strike paragraph 7 of said answer should be granted and defendants' exhibits 11, 12, 13 and 14 offered in support of said paragraph 7 should be stricken from the evidence.

Upon consideration, it is ordered and adjudged —

1. That paragraph 7 of the answer filed herein by the defendants, W. K. Coxe and Doris H. Coxe, d/b/a W. K. Coxe, Broker, and W. K. Coxe, Realtor, be and the same is hereby stricken and defendants' exhibits 11, 12, 13 and 14 offered in support of said paragraph 7 be and the same are hereby stricken from the evidence herein.

2. That the plaintiff, Alto Adams, shall have and recover of and from the defendants, W. K. Coxe and Doris H. Coxe, d/b/a W. K. Coxe, Broker and W. K. Coxe, Realtor, and Loxie L. Cuthrell and Laura L. Cuthrell, the sum of $5,000, plus interest thereon at the rate of 6% per annum from January 12, 1965, the date plaintiff demanded a return of the deposit, to the date hereof, in the sum of $471.68, plus costs to be taxed herein, for all of which let execution issue.