PER CURIAM.
The instant action was instituted in the trial court, seeking cancellation and rescission of a contract for the sale of an apartment building. There were certain cross-claims and counterclaims relative to brokerage fees and other matters. The trial judge, after extensive proceedings and final hearing, made the following finding:
* * * * * *
“The basis for Plaintiff’s claim for rescission is that representations made by the seller as to the minimum income and maximum expenses, for the apartment house involved, were not borne out by its books and records as represented in the contract. This Court finds that the records in evidence, indeed, show that the income for the periods in question were substantially overstated by the seller, and that the expenses were substantially in excess of the amount represented. These representations were made by the seller through mistake or negligence, were material, and Plaintiff had a right to rely thereon. Plaintiff is, therefore, entitled to recission. See 27 A.L.R.2d, 31, 32; 17 C.J.S., Contracts, Sec. 147; Williston on Contracts, Sec. 1500.
“The Court further finds that under the circumstances of this case the brokers, SCHWARTZMAN and WARNER are not entitled to a commission; nor is HARRIS MIAMI BEACH, INC., entitled to any damages against them for the failure of the deal to close.”
‡ >}í >}í j{; ífc Jjt
An appeal has been prosecuted by the broker, Warner. It was attempted to be joined in by a cooperating broker, Schwartzman. A cross-assignment of error was filed by the seller because the trial judge awarded interest from the date of the filing of the complaint.
As to the granting of rescission, we find no error and are unable to disturb this ruling by the trial court as we have not been provided with a transcript of the testimony upon which judgment of rescission was based. Bostwick v. Bostwick, Fla.App.1967, 201 So.2d 779; Sydney Paper Co. v. Gans, Fla.App.1966, 193 So.2d 41; Wilder v. Altman, Fla.App.1965, 179 So.2d 250; Belfield v. Lochner, Fla. App.1964, 162 So.2d 668.
We find the joinder in appeal by Schwartzman not to be well-taken, as same was not timely filed. Rule 3.11 b, Florida Appellate Rules, 32 F.S.A.
We find merit in the contention of the appellees on the cross-assignment that interest should not have been accorded because of the Supreme Court’s ruling in Paradis v. Second Ave. Used Car Co., Fla.1952, 61 So.2d 919, striking all interest in a rescission case.
*95 Therefore, for the reasons stated above, the final judgment here under review is affirmed, except as modified by striking the award of any interest to the plaintiff.[1]
Affirmed as modified.

. The parties had stipulated that the deposit could be placed in escrow and this ruling should not interfere with the interest earned by the deposit, which should enure to the benefit of the plaintiff.