HERSEY, Judge.
The controversy culminating in this appeal arises from an agreement for the purchase and sale of real property. An action to rescind that agreement (and for other relief) brought by appellees resulted in a final judgment rescinding the agreement and requiring return to appellees of their earnest money deposit. From this judgment the prospective seller appeals.
The agreement contains a provision which is particularly relevant to subsequent operative events: the seller was to provide the buyer with title insurance which insured marketability of the title and, further, if title was found not to be marketable then “the seller agrees to use reasonable diligence to make said title good and marketable and shall have a reasonable time to do so .... ”
From evidence in the record it is clear that title was not good and marketable on the date set for closing in that there were several serious title defects. It is equally obvious that the buyer offered the seller only ten days to clear the title. We have no hesitation in holding that, as a matter of law, ten days is less than a reasonable time under the circumstances of this case. What is a reasonable time depends upon the context in which the term is used. As applied to remedial action required to clear title to property, it depends upon the number and complexity of title clouds or defects. It may be defined as that period of time which a reasonably competent practitioner would require to perfect title using due diligence and skill and taking into account the particular title problems in evidence. See generally Betts v. Thrasher, 103 Fla. 926, 138 So. 500 (1931); Meola v. Sparks, 138 Fla. 364, 189 So. 408 (1939).
We need not and therefore do not determine whether rescission was an appropriate remedy here. We hold simply that buyers’ application for relief was premature. The final judgment is therefore reversed and this cause is remanded to permit the seller a reasonable time within which to perfect title and tender a commitment letter for marketable title insurance.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ., concur.