WIGGINTON, Judge.
Chiado appeals from those portions of a final judgment and order on his motion to amend final judgment denying his claim for prejudgment interest. We reverse.
In its final judgment, the trial court awarded Chiado damages in the amount of $12,493.75. Significantly, the trial court found that by letter of August 15, 1984, Chiado gave appellee Rauch until August 28, 1984, to deliver to Chiado a boat the parties had contracted Rauch to build. The boat was never completed or delivered. In his complaint, Chiado prayed not only for damages for breach of contract, but for prejudgment interest.
In his amended motion to amend the judgment or for relief from judgment, Chiado again sought prejudgment interest on the principal amount awarded. Chiado suggested that the breach of contract in the instant case occurred on August 29, 1984, the day following the date demanded for delivery of the boat, and sought interest at the statutory rate of 12 percent from that date through to the date of the court’s final judgment. In its order on the motion, the court concluded that the damages initially sought by Chiado in his complaint were not liquidated. The court was of the impression that Florida law disallows prejudgment interest if the claim is not liquidated, and, consequently, denied the motion.
At the time the court entered its final judgment, it did not have the benefit of the supreme court’s decision in Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla.1985), which approved the decision of this Court in Bergen Brunswig Corporation v. State, Department of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982), and held that “when a verdict liquidates damages on a plaintiff’s out-of-pocket, pecuniary losses [as of a date certain], plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.” 474 So.2d at 215 (emphasis added). See also Trend Coin Company v. Honeywell, Inc., 487 So.2d 1029 (Fla.1986).
In the instant case, as noted earlier, the trial court in its final judgment found that performance was due on August 28, 1984. We also again note that in his motion to amend judgment, Chiado suggested that the breach occurred on August 29, 1984. Accordingly, this case is remanded and the trial judge is directed to amend the final judgment to show that the breach occurred on August 29, 1984, and to award Chiado interest at the statutory rate of 12 percent from August 29,1984, through entry of the final judgment. See section 687.01, Fla. Stat. (1983).
REVERSED in part and REMANDED for further proceedings consistent with this opinion.
ERVIN and BARFIELD, JJ., concur.