RYDER, Acting Chief Judge.
Claude Stagg Leon (Leon) appeals a final order which denied his claim for prejudgment interest prior to the date of the final judgment. We reverse because Leon is entitled to prejudgment interest from the date of loss.
On December 30, 1980, Leon signed an agreement for deed to purchase property in Collier County from the defendant, West Collier Properties, Inc. (West Collier). West Collier represented to Leon that the property was high and dry, in the path of development, close to developed communities, and close to Fort Myers and the regional airport. Subsequently, Leon discovered that West Collier had misrepresented the conditions of the property; however, Leon had made all the payments due under the agreement of deed, except one.
Leon filed suit against West Collier alleging fraudulent misrepresentation. On May 17, 1988, the trial court entered judgment against West Collier in the amount of $29,-064.00, representing the amount Leon had paid under the agreement. Leon then filed a motion for prejudgment interest, which was denied by the court because the judgment was based on rescission.
Once “a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, the plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate, from the date of loss.” Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). In this case, Leon suffered loss when he made the first payment under the agreement for deed to purchase. See Thomas v. Toth, 539 So.2d 8 (Fla. 2d DCA 1989).
The trial court’s reliance on Paradis v. Second Ave. Used Car Co., 61 So.2d 919 (Fla.1952) and Warner v. Harris Miami Beach, Inc., 219 So.2d 93 (Fla. 3d DCA 1969), was misplaced. Both of these cases addressed the issue of whether the vendor was liable for interest on earnest money deposits when rescission occurred. Interest was denied because the vendor did not have the benefit of the use of the money. In the instant case, West Collier had the use of Leon’s money from the time it received each payment under the agreement for deed. This money was not being held in an escrow account. Therefore, we hold that Paradis and Warner are not applicable to the facts of this case.
We therefore reverse the trial court’s order denying Leon prejudgment interest, and remand with instructions that interest should begin from the date he made his first payment. The amount of interest should be determined according to the statutory rate in effect at the time of each payment.
Reversed and remanded.
FRANK and PARKER, JJ., concur.