PER CURIAM.
The plaintiff below, Jose Serna [Serna], appeals from an order denying his motion for prejudgment interest. We reverse.
Count I of the plaintiff’s complaint was for declaratory relief alleging that he entered into an agreement with the defendant, Jesus M. Trujillo [Trujillo], for the sale of Trujillo’s stock in Jemaros Investments, Inc. The trial court’s final judgment found that Trujillo “received $20,000 in June of 1991 towards the sale of his stock in Jemaros Investments, Inc., that was supplied by Jose Serna. The sale of the stock was not concluded and Jose Serna is entitled to a judgment for such money from Jesus M. Trujillo.”
Serna contends that the trial court erred in denying his motion for prejudgment interest. We agree.
“[W]hen a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.” Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985). In the instant case, Serna suffered a pecuniary loss from the date he paid Trujillo $20,000 for the sale of the stock. As such, as a matter of law, Serna is entitled to prejudgment interest from that date. See Leon v. West Collier Properties, Inc., 575 So.2d 1316, 1317 (Fla. 2d DCA 1991); Miller v. Reinhart, 548 So.2d 1174, 1175 (Fla. 4th DCA 1989); Chiado v. Rauch, 497 So.2d 945, 946 (Fla. 1st DCA 1986).
*50 Accordingly, we reverse and remand for further proceedings consistent with this opinion.