MARY BESSENT AND A. F. BESSENT, HER HUSBAND, MAR-
GUERITE INEZ HERBERT, AND J. H. HERBERT, HER HUS-
BAND, MYRTLE BALES AND R. M. BALES, HER HUSBAND,
C. W. MOORE, L. A. MOORE, IRA MOORE, AND LAFAYETTE
MOORE, A MINOR, BY A. F. BESSENT, HIS NEXT FRIEND,
*Plaintiffs in Error*, v. BOARD OF BOND TRUSTEES OF SPE-
CIAL ROAD AND BRIDGE DISTRICT NUMBER ONE OF
ALACHUA COUNTY, FLORIDA, *Defendant in Error*.

Division B.

Opinion Filed July 20, 1926.

1. Under our system it is well settled that it is the province of
the jury to determine the weight of the evidence and the
credibility of the witnesses.

2. It is the duty of the jury if possible to reconcile all evidence
upon the theory that each witness is speaking the truth, but
if it is impossible to do this, then it is the province of the
jury to weigh the evidence and to determine who is and who
is not speaking the truth and upon such evidence as is found
to be the truth to render the verdict.

3. The right of trial by jury has come to be recognized as a
most substantial part of the bulwark of personal liberty and
of rights or property and if it is to stand as such it must not
be flagrantly invaded by the judges of courts where its
functions are exercised.

4. Where there is any evidence to support the verdict, the ver-
dict will not be set aside as against the evidence unless it
may well be assumed that the jury was improperly influenced
by considerations outside the evidence.

A Writ of Error to the Circuit Court for Alachua
County; A. V. Long, Judge.

Affirmed.

*Robt. E. Davis* and *L. E. Wade,* for Plaintiffs in Error;

*Hampton & Hampton,* for Defendant in Error.

BUFORD, J.—In this case the plaintiffs who are plaintiffs in error here, sued the defendants for the value of certain rock alleged to have been taken from the lands of the plaintiffs by the defendants without compensation to the plaintiffs; for which damages were claimed in the sum of twenty-five thousand dollars ($25,000.00). The declaration was originally in five counts. The third and fifth counts having been stricken by the Court it remained with three counts. The first count is in trespass, the second count is in trover and in conversion, and the fourth count is in assumpsit.

The defendant filed three pleas; first not guilty, second never was indebted, and the third the plaintiffs were not the owners of the property. Neither plea was sustained by the proof.

The only question submitted to the jury under the evidence was the amount of the rock taken from the property of the plaintiffs and the value thereof.

The verdict was rendered for the plaintiff in the sum of Three Hundred Ninety Dollars ($390.00) and cost, upon which judgment was entered. Motion was made for new trial by plaintiffs which was overruled and plaintiffs took writ of error.

An examination of the record discloses that no reversible error occurred during the progress of the trial.

The only remaining question presented to this Court is whether or not the verdict is supported by the evidence.

The evidence would have supported a verdict for almost any amount recoverable under the pleadings.

There is some evidence to support the verdict in the amount found.

Under our system it is well settled that it is the province

of the jury to determine the weight of the evidence and the credibility of the witnesses. It is the duty of the jury if possible to reconcile all evidence upon the theory that each witness is speaking the truth, but if it is impossible to do this, then it is the province of the jury to weigh the evidence and to determine who is and who is not speaking the truth and upon such evidence as is found to be the truth to render the verdict.

Juries are composed of ordinary human beings; of persons taken from all the walks of life, and therefore the verdict of juries do not always reflect the absolute striking of the balance of justice between the parties. The use of the jury system to settle justiciable controversies between man and man is not a perfect system resulting always in the administration of justice; but during the past several centuries of time jurists and law-makers have failed to discover and to bring into use a more satisfactory system of weighing facts and arriving at the truth fairly and impartially between parties litigating.

The right of trial by jury has come to be recognized as a most substantial part of the bulwark of personal liberty and of rights of property and if it is to stand as such it must not be flagrantly invaded by the Judges of Courts where its functions are exercised.

In a line of decisions of this Court published in the reports from the time of its organization down to the present day it has been the policy of the Court to uphold the verdict of the jury in all cases where such verdicts have been based upon evidence lawfully presented in the cause; and it has been repeatedly held that where there is any evidence to support the verdict, the verdict will not be set aside as against the evidence unless it may well be assumed that the jury was improperly influenced by considerations outside the evidence. In the instant case the jury heard much conflicting evidence and exercising the great responsibility

of jurors under their solemn oaths they returned the verdict, which verdict finds support in the evidence submitted upon the trial. The able Judge who presided at that trial had the opportunity to see the witnesses on the stand and to hear them testify and having so seen and heard them he refused to disturb the verdict of the jury upon motion being made for a new trial.

While it is apparent that the jury would have been justified in returning a verdict in a much larger sum than that which was found for the plaintiffs, we feel that it is the duty of this Court to follow that well settled rule as above stated and affirm the judgment of the Court below. And it is so ordered. 59 Fla. 280; 4 C. J. 874; 17 C. J. 1089.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.