HENDRY, Judge.
This appeal, taken from a “corrected final judgment” for damages in a negligence action, challenges the correctness of certain rulings of the trial judge which, inter alia, reinstated two verdicts of the jury and apportioned the damages against the joint-tortfeasors after the court had formerly rejected the verdicts, declared a mistrial and discharged the jury. Appellants Jackson, Tyler and their insurance carrier, Leatherby Insurance Company, were defendants in the trial court. Appellee Eck-erson was the plaintiff while appellees Ran-dle-Eastern Ambulance Service, Inc. and its driver, Cruz, were co-defendants.
The facts surrounding the alleged negligence in this case need not be discussed, as the merits of the appeal rest in procedural rulings of the trial judge. Suffice it to say that at the termination of a personal injury action stemming from a vehicular collision, the jury, after deliberation, returned two separate verdicts (on two verdict forms) in favor of plaintiff Eckerson. In the first verdict, the jury found against Jackson, Tyler and Leatherby in the sum of THREE THOUSAND, FIVE HUNDRED ($3,500.00) DOLLARS and in the second verdict, the jury found against Randle Eastern and Cruz in the sum of THIRTY-ONE THOUSAND, FIVE HUNDRED ($31,500.00) DOLLARS.
The trial judge, after determining that the two separate verdicts against the joint-tortfeasors were improper, marked the verdicts void and instructed the jury that if they found against both defendants, they should assess the amount of damages against both defendants in one verdict form. After a second deliberation, the jury returned unable to agree upon the amount of damages to be assessed against the joint tortfeasors. After questioning the individual jurors as to the possibility of their reaching an agreement on the amount of damages, the trial judge, apparently convinced that no agreement could be reached, declared a mistrial and discharged the jury.
*322 Subsequently, upon motion, the trial judge in two orders (1) entered judgment in favor of the plaintiff and against the defendants for the total amount of the two voided verdicts and (2) then apportioned the judgment, assessing seventy (70%) percent against Randle Eastern and thirty (30%) percent against Jackson, Tyler and their insurer. These orders were subsequently embodied in the “corrected final judgment” now under appeal.
There is but one issue in this appeal, to-wit: whether the trial judge erred in entering a judgment which assessed and apportioned damages in the absence of a proper jury verdict. We believe that the trial judge did so err and accordingly, we reverse.
Firstly, with regard to the separate verdicts returned against the joint-tortfeasors, the trial judge correctly determined that absent the use of “special verdicts,” the separate verdicts were improper pursuant to then controlling Section 768.-31(3)(a) & (c), Florida Statutes (1975). Lincenberg v. Issen, 318 So.2d 386 (Fla.1975); Kennedy and Cohen, Inc. v. Van Eyck, 347 So.2d 1085 (Fla. 3d DCA 1977); Moore v. St. Cloud Utilities, 337 So.2d 982 (Fla. 4th DCA 1976). Secondly, when the jury returned from deliberating a second time (after having been instructed by the trial judge as to the use of the corrected verdict forms) and announced that no decision could be reached as to the amount of damages to be awarded to the plaintiff, the trial judge properly granted a mistrial. Dehon v. Heidt, 38 So.2d 39 (Fla.1948). However, as no proper verdict had been rendered by the jury, it was error for the trial judge to resurrect the voided, improper verdicts and enter judgments in accordance therewith. See Dehon v. Heidt, supra.
Accordingly, after a careful review of the record, in light of the briefs and arguments of counsel, it is our opinion that the “corrected final judgment” must be reversed and the cause remanded for new trial.
Reversed and remanded for new trial.