ORFINGER, Judge.
Defendants R. W. King Construction Company, as contractor, and United States Fidelity and Guaranty Company, as surety, appeal a final judgment for $49,131.94 entered in favor of plaintiff, City of Melbourne, based on a jury verdict, plus an award of $21,700 as attorney’s fees. They contend that the jury verdict was in error and clearly demonstrates a misapprehension of the evidence; that the trial court erred in awarding attorney’s fees contrary to Sec. 627.756, Florida Statutes (1975) and further *655 erred in including therein an award for extraordinary fees.
At the conclusion of the evidence, defendants requested a special verdict form by which the jury would determine whether defendants had breached two separate change orders and, if so, apportion the damages to each. The jury found a breach of contract as to each change order and awarded damages on each breach. Defendants contend that the jury misapprehended the evidence in making its award, but the trial judge found no impropriety in the verdict and neither do we. As found by the trial judge, the change orders in question are part of a single contract and the jury had a right to apportion the damages between the change orders, so long as the total award was supported by substantial, competent evidence and did not affect the substantial rights of the parties. Cf. Webber v. Jordan, 366 So.2d 51 (Fla. 2d DCA 1978).
The contention as to attorney’s fees warrants further discussion. By stipulation of the parties the extent of the legal services was submitted by affidavit and the value determined by the court. Appellant contends first, that the court erred in not limiting the award of fees to twelve and one-half per cent of the judgment in accordance with Section 627.756(2), Florida Statutes (1973),[1] and next, that there is no basis in the award of $4,000 for “extraordinary services.” The contractual agreement between the parties was that the contractor and its surety would indemnify and save the City harmless of and from “ . all costs, expenses and damages, including litigation costs and attorney’s fees arising out of or in connection with . . . ” any default by the contractor. We construe the contractual obligation to be one for the payment of reasonable attorney’s fees and we hold that the parties are free to contract for reasonable attorney fees rather than statutory attorney fees. Joseph v. Houdaille-Duval-Wright Company, 213 So.2d 3 (Fla. 3d DCA 1968).
This holding does not resolve the question of the propriety of the award of fees for extraordinary services. The affidavit submitted by appellee’s counsel outlined in detail the services rendered and the time spent, but no attempt was made to point out the distinction between ordinary and extraordinary services. Neither was any other evidence presented to the court addressing that subject. In awarding attorney’s fees, a court can make an award for specific extraordinary services, but to justify such award there should be evidence presented showing the nature and extent of services considered to be extraordinary and the value thereof, and the court should make a finding as to the nature of such extraordinary services and their value. No such showing was made here, nor did the court in its order distinguish between the ordinary and extraordinary services. In re: Lieber’s Estate, 103 So.2d 192 (Fla.1958); In re: Estate of Lunga, 298 So.2d 420 (Fla. 3d DCA 1974).
The final judgment is affirmed as to the award of damages to appellee and as to the award of attorney’s fees totalling $17,700, but is reversed as to the allowance of $4,000 for extraordinary services.
AFFIRMED in part and REVERSED in part.
COBB and SHARP, JJ., concur.

. § 627.756(2): “Section 627.428 (attorney fee) shall also apply as to suits brought by owners against a surety insurer under payment or performance bonds written by the insurer under the laws of Florida to indemnify such owners against the pecuniary loss by breach of a building or construction contract; except, that the amount to be so recovered for fees or compensation of such a plaintiffs attorney shall not be more than twelve and one-half per cent of the amount which the judgment or decree awards such plaintiff under the bond (exclusive of the costs of suit and attorney fees or compensation