388 So.2d 42 (1980)
Kathy McGUIRE, Petitioner,
v.
Eric NELSON, Respondent.
No. 80-435.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
As Amended September 24, 1980.
Flora Daun Fowler, Central Florida Legal Services, Inc., Daytona Beach, for petitioner.
James T. Nunn of Nunn & Burnett, Ormond Beach, for respondent.
*43 COBB, Judge.
Petitioner is the tenant of respondent. Respondent filed suit to evict petitioner for non-payment of rent. Petitioner answered and raised several defenses alleging violations of the Landlord And Tenant Act. However, petitioner failed to deposit the disputed accrued rent into the registry of the court as required by section 83.60(2), Florida Statutes (1979). Therefore, the county court entered an amended final judgment allowing the respondent to take possession of the premises.
Petitioner appealed to the circuit court and raised two points on appeal. In the first point, petitioner contended that the county court erred in failing to entertain one of petitioner's defenses which involved petitioner's interpretation of section 83.56(5), Florida Statutes (1979). In the second point, petitioner contended, for the first time, that section 83.60(2), Florida Statutes (1979) denies access to the courts and is therefore unconstitutional. Respondent moved to dismiss the appeal as frivolous and moved for an attorney's fee pursuant to section 57.105, Florida Statutes (1979). The reason advanced for dismissing the constitutional argument was that the argument could not be raised for the first time on appeal. Although the constitutional argument was raised for the first time on appeal, petitioner contended that the county court's enforcement of the particular statute amounted to denial of access to the court which was fundamental error and could be raised for the first time on appeal. The circuit court found that the appeal failed to raise any justiciable issue of law or fact and granted both motions.
Petitioner is now before us seeking review of the circuit court's order. Since the circuit court was sitting as the appellate court, we cannot review the merits of the case as a second appeal. The petitioner must demonstrate to this court that the circuit court exceeded its jurisdiction or departed from the essential requirements of the law in its order or proceedings. In this case, the merits were never reached. We think the circuit court improperly avoided its responsibility to review the county court's amended final judgment. While we express no opinion on the correctness of the petitioner's argument, we do not believe that the appeal totally failed to raise a justiciable issue and we think that by denying the petitioner the opportunity to have her appeal heard on the merits, the circuit court departed from the essential requirements of the law.
QUASHED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.