ORFINGER, Judge.
Petitioner requests that we issue a writ of certiorari addressed to the Circuit Court of Lake County which, while sitting as an appellate court, affirmed a judgment of the County Court except as to a portion thereof not questioned in these proceedings.
The Circuit Court’s affirmance was based on the fact that, although a transcript of the trial proceedings could have been made available on appeal, no such transcript was made a part of the appellate record. Thus the court concluded that:
[t]he law is quite clear that an appellate court cannot speculate on the ruling of the trial court and the appellate court will have no choice but to uphold the trial court if an adequate record is not presented on appeal.
citing Lyden v. DePiera, 147 So.2d 573 (Fla. 3d DCA 1963). The court then denied a petition for rehearing and a motion for leave to supplement the record.
The reference in Lyden to the procedure outlined in Moyer v. Moyer, 114 So.2d 638 (Fla. 3d DCA 1959), makes it appear that no transcript could be made available there. But irrespective of that observation, the present appellate rules no longer support that conclusion where a proper record can be made available to the reviewing court. Florida Rule of Appellate Procedure 9.200(f)(2) says:
If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined because the record is incomplete until an opportunity to supplement the record has been given. (emphasis added).
Petitioner is not entitled to a second appeal and in order to prevail, it must demonstrate that the circuit court, acting in its appellate capacity, exceeded its jurisdiction or departed from the essential requirements of law in its order or proceedings. McGuire v. Nelson, 388 So.2d 42 (Fla. 5th DCA 1980). As in McGuire, the circuit court never reached the merits of the appeal because it failed to provide petitioner, as appellant, the opportunity to supplement the record before reaching its conclusion.[1] By not giving the petitioner the opportunity to have its appeal decided on the merits, the circuit court departed from the essential requirements of law. McGuire, supra.
The order of the circuit court is quashed and the cause is remanded with directions to afford appellant a reasonable opportunity to supplement the record by including therein such portions of the trial proceedings as the circuit court deems essential to a decision on the merits of the appeal.
Order QUASHED and REMANDED.
DAUKSCH, C. J., and SHARP, J., concur.

. As pointed out in the committee notes to Rule 9.200, Florida Rules of Appellate Procedure, the portion of the Rule alluded to here was not intended to cure deficiencies resulting from the failure to make a record in the lower tribunal, but to give the parties the opportunity to have the appellate proceedings decided on the record before the lower tribunal. See R. W. King Construction Co., Inc. v. City of Melbourne, 384 So.2d 654 (Fla. 5th DCA 1980), and cf, Fuquay v. State, 386 So.2d 1314 (Fla. 5th DCA 1980).