## TOPAL v. STATE OF FLORIDA
Case No. 83-020-AC
Eleventh Judicial Circuit, Dade County, Appellate Division
July 13, 1983

Daniel Mones, for appellant.

Jim Smith, Attorney General and Jack Ludin, Asst. Attorney General, for appellee.

Before BARAD, KLEIN AND MOORE, J.J.

MOORE, JUDGE

Appellant seeks review of his conviction, as rendered by the Trial Court. There is no transcript of the proceedings held on December 30, 1982.

The Appellant, in his Reply Brief, requested that this cause be remanded to the Trial Court for assistance in developing a "Stipulated Record on Appeal." At oral argument, the Appellant renewed his request therefor.

A decision rendered by a Lower Tribunal may not be reviewed unless an adequate record has been presented to the Appellate Court. To assure that appellate proceedings will be addressed on their merits, Fla. R. App.P. 9.200(f)(2) was promulgated and adopted in 1977. This Rule states that:

> "[i]f the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceedings shall be determined because the record is incomplete until an opportunity to supplement the record has been provided."

As Fla. R. App. P. 9.200(f)(3) requires that the Appellate Courts provide a reasonable opportunity to supplement necessary portions of the record, failure to provide this opportunity results in a "depart[ure] from the essential requirements of the law." *Transcontinental Finance Corp. v. Baxter*, 402 So. 2d 1289 (Fla. 5th DCA 1981) (quoting *McGuire v. Nelson*, 388 So. 2d 42 (Fla. 5th DCA 1980)). The necessity of an adequate record is so vital for appellate review that the Appellate Court, on its own motion, can order the supplementation of the record. *Starts v. Starks*, 432 So. 2d 452 (Fla. 1st DCA 1982). Further, the

requirements of Fla. R. App. P. 9.200(f)(3), may be obtained by providing the Appellant with an opportunity to supplement the record within the time allowed for a Petition for Rehearing. *Criswell v. Boyle*, 423 So. 2d 979 (Fla. 1st DCA 1981).

In the case *sub judice*, the Appellant seeks an opportunity to supplement his record. As this Court is unable to reach the merits of this case since the record is incomplete, this Court relinquishes its jurisdiction and remands this case to the Trial Court for further proceedings as set forth below.

Within ten (10) days from the date of the Mandate, the Appellant shall prepare and serve upon the Appellee, a Statement of Evidence or Proceedings. The parties shall comply with the directives of Fla. R. App. P. 9.200(b)(3). Thereafter, the Clerk of this Court shall reschedule this case for oral argument.

It is so ordered.