PER CURIAM.
The final judgment under review is reversed and the cause is remanded to the trial court with directions to enter a final judgment in accord with the jury verdict rendered herein (a) finding that no contract exists between the parties, and (b) ordering *577 the appellant Teltec Saving Communications Company, etc. [Teltec] to repay $100,000 to the appellees Telsave Leasing Group, et al. [Telsave], less payments already made, plus interest. We reach this result based on the following, briefly stated legal analysis.
First, the appellant Teltec’s counterclaim was properly tried by a jury, at the conclusion of which an agreed-upon special interrogatory verdict was submitted to the jury. See Olin’s, Inc. v. Avis Rental Car System of Florida, 131 So.2d 20 (Fla. 3d DCA 1961). Second, the jury answered the first of three special interrogatory questions, i.e., that the “Jeffrey Pardo Agreement” dated April 24, 1980 was not ratified by Teltec and Telsave, and did not answer the remaining two questions because, according to the verdict form, the jury deliberations were over upon such a finding. This was so because, as all agreed at trial, there was no contract between the parties if the April 24, 1980 agreement, stated above, was not ratified by the parties and Teltec was entitled to prevail in the cause. Third, there being no contract between the parties, the trial court was required to enter a judgment declaring this to be so and ordering that the appellant Teltec repay certain moneys previously given to it by the appel-lees, plus interest, in the aborted effort to form a contract between the parties. Fourth, the final judgment under review does not accomplish this result; on the contrary, it contains findings and reaches results which are not consistent with the jury verdict. Specifically, the final judgment finds — in conflict with the jury verdict — that a contract exists between the parties, and declares certain rights therein, by virtue of a prior January 14,1980 agreement that was never tried below and which the parties, in fact, abandoned.[1] It therefore follows that the final judgment under review must be reversed and the cause remanded. See Bessent v. Board of Bond Trustees, 92 Fla. 292, 294-95, 109 So. 597, 598 (1926).
Reversed and remanded.

. Ordinarily, a new trial would, at the very least, appear warranted as the appellant has plainly been denied its right to a jury trial on the issue of whether it breached the alleged January agreement. Since, however, the parties abandoned this agreement and the case was tried to the jury on the theory that the April 24, 1980 alleged agreement was the only claimed contract in the case, a new trial is not required herein.