GUNTHER, Judge.
This dispute arises out of Simon and Jack Abraham’s (hereinafter “Abrahams”) attempts to purchase ten condominium units from Peter, Sydney, and Kenneth Wolofsky (hereinafter “Wolofskys”). The purchase arrangement featured a very unusual form of consideration, to-wit, gem stones. The specific question before us is whether the Abrahams prejudiced the Wolofskys’ case at trial where they failed to produce in discovery a complete copy of a document whose original they admittedly possessed and where they later offered the complete original as an exhibit at trial.[1] The trial court concluded that a new trial was not warranted because the decision to admit this document (plaintiffs’ exhibit #2) at trial was harmless error when viewed in *1225 light of the entire record. The Wolofskys seek review of this order in their appeal from the trial court’s final judgment.
In January 1981, the Abrahams, New York gem dealers, signed an agreement with the Wolofskys, Florida developers, for the purchase of ten condominiums in the Towers of Ocean View, in Hallandale, Florida. Prior to signing the agreement, the Abrahams had displayed various gems to the Wolofskys, and the Wolofskys’ appraiser, Meir Machat, had examined the gems on at least three occasions in Florida and in New York. The Wolofskys retained various packets of the gems prior to closing. The deal ultimately fell through and the Abrahams were unsuccessful in their attempts to recover their gems.
The plaintiffs sued for $807,211.45 in damages plus interest, costs and punitive damages. Plaintiffs did not seek return of the gems or specific performance of the contracts. In a jury trial, the Abrahams recovered damages in the amount of $807,-211.45. The Wolofskys contend on appeal that the trial court erred when it denied their motion for a new trial because the portion of the document (plaintiffs’ exhibit # 2) that the Abrahams failed to produce in discovery contained crucial valuations of the gems which they should have been able to analyze prior to trial and because the Abrahams unfairly surprised them when they offered the complete document into evidence at trial. In contrast, the Abra-hams contend that the admission into evidence of the complete document did not prejudice the Wolofskys because there was ample other evidence from which the jury could have arrived at its damage award.
We conclude that the Abrahams’ introduction of the disputed document into evidence prejudiced the Wolofskys’ defense, and therefore we reverse for a new trial. A trial court, in its discretion, may exclude the testimony of a witness whose name has not been disclosed in accordance with a pretrial order where the use of the undisclosed witness will prejudice the objecting party. Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981). In our view, a trial court in its discretion may similarly exclude from the evidence a document where such document has not been disclosed in accordance with a pretrial order and where the use of the document will prejudice the objecting party.
In this case, the plaintiffs do not dispute that their unexplained failure to produce the complete original of plaintiffs’ exhibit # 2 violated the trial court’s pretrial order to compel production. The plaintiffs’ failure to disclose all of the figures on the document and their subsequent proffer of the original document complete with such figures prejudiced the defendants’ case because this document was crucial in establishing the value of the gem stones, which in turn answered the question of which party breached the contract to purchase the condominiums. The purchasers claimed that no more money was due the sellers because the gems were of sufficient value to satisfy the contract purchase price. On the other hand, the sellers claimed that the gems were not of sufficient value to fulfill the terms of the purchase contract. The plaintiffs’ failure to produce the complete document prior to trial deprived the defendants of the opportunity to conduct any discovery about the specific figures listed for the gems and of the opportunity to ascertain how the total valuation was computed. There are several figures appearing on the bottom of the documents so it is unclear which figure was in fact the agreed valuation. The omission of some of the figures from the document furnished to the defendants was also critical in this case because the dispute as to the value of the gems essentially boiled down to a credibility contest between the parties.
The defendants were surprised at trial by the introduction of this document into evidence and did not have Mr. Machat, the alleged author of the figures, available for examination as a witness. Since Mr. Mac-hat was not available at trial, the defend *1226 ants had no opportunity to rebut the testimony that the figures had been placed there by Mr. Machat. Prior to trial, the defendants had deposed Mr. Machat and questioned him about defendants’ exhibit # 2. The defendants, without knowledge of the existence of plaintiffs’ exhibit #2, had elected to use the deposition testimony of Mr. Machat rather than have him appear in court at the trial. Thus, the defendants were clearly prejudiced because they never had an opportunity, either before or during trial, to examine Mr. Machat about these very crucial valuation figures. Notably, the plaintiffs took advantage of the defendants’ predicament of being unable to rebut the testimony about the figures on plaintiffs’ exhibit # 2 when the jury was told:
There has never been a dispute about the $472,214 figure. The second list was written by Mr. Machat. Not once was it questioned. Not once did anyone say it was hogwash.
Thus, it is obvious that the admission of plaintiffs’ exhibit # 2 was highly prejudicial and that the plaintiffs capitalized on the defendants’ inability to present any evidence from Mr. Machat to rebut the plaintiffs’ contention that this document was proof that the gems listed were worth $472,214.
REVERSED AND REMANDED FOR A NEW TRIAL.
HERSEY, C.J., and WALDEN, J., concur.

. See note 1 on page 1224.
*1224 1. The document the Abrahams produced for discovery (defendants’ exhibit #2) was the following:

The document which the Abrahams introduced at trial (plaintiffs' exhibit # 2) was the following:

Note that the document which was produced (top document) was identical to the document offered in evidence except that it did not contain the three columns of figures on the right-hand side of the page nor did it contain the
*1225 figures at the bottom (e.g., 315.00, 280,000 and $472,204.95).