PER CURIAM.
An attorney is entitled to a charging lien against a res only if payment of his fees is either contingent upon recovery of that res or payment is to be made from that res. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla.1983). In this case, Weksler’s and Aronovitz’s fees were made contingent, by express contractual terms, solely upon the recovery of unpaid rent money in an action for the breach of a lease. Thus, the charging lien was properly imposed against the trial court's judgment upholding the lease agreement. The charging lien upon the unpaid rent was destroyed, however, when this court reversed the trial court’s judgment on appeal, Teltec Saving Communications Co. v. Telsave Leasing Group, 488 So.2d 576 (Fla. 3d DCA) review denied, 500 So.2d 546 (Fla. 1986), eliminating the res upon which recovery was contingent. Based upon the parties’ express intentions to limit the contingency of payment to recovery of unpaid rent money, we find that the trial court erred in extending the charging lien to Telsave Leasing Group’s recoupment of its investment. Accordingly, the order under review is
Reversed.