548 So.2d 1174 (1989)
Arthur C. MILLER and A.C. Miller Concrete Products of Florida, Inc., Appellants/Cross-Appellees,
v.
Harry R. REINHART, et al., Appellees/Cross-Appellants.
No. 88-0218.
District Court of Appeal of Florida, Fourth District.
September 13, 1989.
Rehearing Denied October 12, 1989.
*1175 Jay M. Levy, of Hershoff, Levy & Swartz, P.A., Miami, and Goldberg & Ramsay, P.A., Pennsylvania, for appellants/cross-appellees.
Michael J. McNerney and Amy R. Reeck, of Brinkley, McNerney, Morgan & Solomon, Fort Lauderdale, for appellees/cross-appellants.
GARRETT, Judge.
This is an appeal and cross appeal of the final judgments entered after a jury trial.
Appellant, Arthur C. Miller (Miller), William Miller, and appellee, Harry Reinhart (Reinhart), were the partners of A.C. Miller Concrete Products of Florida. In 1978 they agreed to terminate the partnership and incorporate as A.C. Miller Concrete Products, Inc. The partners became the corporate officers and directors.
Before terminating the partnership, the partners entered into an agreement whereby each partner would have access to corporate funds from a draw account for personal expenses as a "fringe benefit." Reinhart would record these expenses in a "black book" for all the partners. Reinhart did not record all of his draws.
In 1984, Miller purchased Reinhart's one-third corporate interest without mentioning a pending sale. After closing with Reinhart, Miller sold the corporation to a third party and learned of Reinhart's unauthorized use of corporate funds.
Miller sued Reinhart and members of Reinhart's family. Reinhart brought a counterclaim.
The first issue we address is the directed verdicts entered in favor of Reinhart and Mrs. Reinhart on the civil theft counts. We find appellants established a prima facie case on these counts which should have been submitted to the jury. Swilley v. Economy Cab Co., 56 So.2d 914 (Fla. 1951). Reinhart admitted exceeding his authorized draw by $63,830.42. The evidence suggests Mrs. Reinhart knowingly used corporate funds to run her family's household. Brewer v. State, 413 So.2d 1217, 1219 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla. 1983).
Once a plaintiff establishes a claim for compensatory damages based on fraud, a jury question is automatically created regarding punitive damages. First Interstate Dev. v. Ablanedo, 511 So.2d 536 (Fla. 1987). The trial court erred in striking punitive damages from the fraud count against Reinhart.
Prejudgment interest is an element of compensatory damages. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). Prejudgment interest is awarded from the date of loss. Kim v. Peoples Federal Savings & Loan Ass'n., 538 So.2d 867 (Fla. 1st DCA 1989). The trial court erred when it failed to award prejudgment interest on the money Reinhart took. The interest should be calculated from the date of each unauthorized taking.
When a contract is breached by one of the parties, the other party is released from any obligation to perform the contract. 11 Fla.Jur.2d Contracts § 169 (1979). The trial court erred in directing a *1176 verdict for Reinhart on his breach of contract count. The jury could have found appellants were excused from performing the contract by reason of Reinhart's admitted breach.
The trial court erred in excluding evidence of the various transactions involving the money taken by Reinhart. Only the amount was made known to the jury. The nature of such transactions is relevant to the civil theft counts and any claim for punitive damages.
The pretrial order provided that all exhibits should be disclosed. Payroll records showing corporate payments to Reinhart's children were not physically produced at the pretrial conference. Most of the records had been produced at various depositions. The trial court erred in excluding these records. "Disclosed" is not limited to producing the actual document. When a party knows of the existence of a document and has utilized it on prior occasions, no prejudice is shown by an opponent's failure to physically produce it at the pretrial conference. See SNW Corp. v. Abraham, 491 So.2d 1223 (Fla. 4th DCA 1986).
Finally, error occurred when the trial court excluded certain corporate records after finding some of them to be duplicates. He threw the baby out with the bath water, since not all of the excluded records were duplicates.
We affirm as to all other issues raised.
Accordingly, we reverse and remand for a new trial on appellants' civil theft counts, punitive damage claim of the fraud count, and Reinhart's breach of contract count.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR A NEW TRIAL AND PROCEEDINGS CONSISTENT HEREWITH.
HERSEY, C.J., and POLEN, J., concur.