570 So.2d 1312 (1990)
E. Dennis BROD and G.M. Brod & Co., Inc., a Florida Corporation, Appellants,
v.
Ira L. ADLER, Appellee.
Nos. 88-2947, 88-3010.
District Court of Appeal of Florida, Third District.
February 20, 1990.
On Motion for Rehearing, Clarification and Certification October 16, 1990.
On Motion for Rehearing October 16, 1990.
Hickey & Jones, and John H. Hickey, Miami, for appellants.
Joe N. Unger, Miami, and Ullman & Ullman, and Michael W. Ullman, North Miami Beach, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
On Motion for Rehearing En Banc October 16, 1990.
PER CURIAM.
Affirmed.

ON MOTION FOR REHEARING, CLARIFICATION, AND CERTIFICATION
PER CURIAM.
Appellants E. Dennis Brod (Brod) and G.M. Brod & Company, Inc. (G.M. Brod) (appellants) move for rehearing, clarification, and certification of this court's decision affirming the judgment of the trial court in favor of appellee Ira L. Adler (appellee). Brod v. Adler, Nos. 88-2947, 88-3010 (Fla. 3d DCA Feb. 20, 1990). Appellants argue on rehearing that the trial court judgment fails to conform to the verdict because the jury found damages against Brod for $85,625, but the trial court entered a judgment against Brod for $344,709.22. Based on the evidence presented and case law applied to that evidence, we deny appellants' motion for rehearing, clarification, and certification.
The relevant facts directed solely to the rehearing motion are as follows. Appellee brought suit against appellants for breach of a written contract, breach of partnership, and breach of fiduciary duty. The case proceeded to trial on appellee's theory that he was in partnership with Brod and G.M. Brod; and that based on various agreements appellee had made with appellants, appellee was entitled to 50% of the net proceeds Brod and G.M. Brod had recovered *1313 in G.M. Brod's action against U.S. Home Corporation. G.M. Brod & Company, Inc. v. U.S. Home Corporation, 759 F.2d 1526 (11th Cir.1985). The total amount appellee sought as his 50% share was $363,484.22.
The jury found in favor of appellee against G.M. Brod on appellee's breach of contract claim, awarding damages in the amount of $173,459.22. The jury also found in favor of appellee against G.M. Brod for breach of partnership, awarding damages in the amount of $85,625. On appellee's claim against Brod for breach of partnership, the jury found in favor of appellee, awarding him $85,625, in damages. Subsequently, the trial court entered a final judgment on the jury verdict. In the final judgment the trial court aggregated all the amounts the jury had awarded as damages on appellee's claims against Brod and G.M. Brod, and entered a joint and several judgment against both Brod and G.M. Brod in that aggregate amount. The aggregated amount totalled $344,709.22.
The trial court's action in aggregating the amounts the jury had awarded was proper. Appellee sought damages of $363,484.22, which was derived from the total amount paid by U.S. Home Corporation to G.M. Brod in the federal action. Appellee arrived at this figure by subtracting the total amount received by G.M. Brod from U.S. Home Corporation ($1,337,301.78), from the legal fees and costs incurred, leaving a net recovery of $726,968.44. Appellee was claiming one-half of that amount, that is, $363,484.22. The total amount awarded by the jury totalled $344,709.22. In denying appellants' post-trial motions, the trial court stated, the total amount awarded by the jury "may well reflect the jury's intent to award Plaintiff [appellee] one-half of $726,968.44 reduced by the monies Defendants [appellants] claimed were removed by Plaintiff [appellee] during his employ."
The rule is well-settled that courts should construe verdicts to carry out the jury's intention. Phillips v. Ostrer, 481 So.2d 1241 (Fla. 3d DCA 1985), review denied, 492 So.2d 1334 (Fla. 1986); Advance Company, Inc. v. Albert, 216 So.2d 474 (Fla. 3d DCA 1968), cert. denied, 225 So.2d 526 (Fla. 1969); Dicosola v. Heitel, 138 So.2d 804 (Fla. 2d DCA 1962). Here, the jury's intention was clear, as the trial court so found  to award appellee 50% of the net proceeds recovered by G.M. Brod from U.S. Home Corporation. Therefore, the trial court's action in aggregating the amounts awarded by the jury was proper in order to carry out the jury's intention.
The trial court's action in entering a joint and several judgment against Brod and G.M. Brod was also proper. The evidence adduced at trial established that appellee agreed to go into partnership with Brod with respect to various real estate dealings. The name for the venture "G.M. Brod & Company, Inc." was used because it was an existing "shell corporation" of which Brod owned 100% of the stock.
Appellee's expert testified that a partnership agreement existed between appellee, Brod, and G.M. Brod. The jury was instructed to determine whether appellee, Brod, and G.M. Brod had formed a partnership, and if so, whether Brod and G.M. Brod had breached any duty to appellee as a partner. The jury determined that Brod and G.M. Brod had breached the partnership agreement with appellee. The damages for that breach were 50% of the net proceeds from the U.S. Home Corporation judgment paid to G.M. Brod.
Since both Brod and G.M. Brod were determined to be partners of appellee, and both were found in breach of the partnership agreement, the trial court properly entered a joint and several judgment against Brod and G.M. Brod. See generally, §§ 620.595(1), .645, .685, Fla. Stat. (1989).
The cases appellants rely on in their motion for rehearing are inapposite. In Teltec Saving Communications Company v. Telsave Leasing Group, 488 So.2d 576 (Fla. 3d *1314 DCA 1986), review denied, 500 So.2d 546 (Fla. 1986), cited by appellants, the parties agreed that if an agreement in dispute had not been ratified by the parties, then no contract existed. If there was no contract, then a judgment would be entered ordering Teltec to repay money it had been given in an aborted effort to form the contract.
The jury found that the agreement had not been ratified and therefore there was no contract. Nevertheless, the court entered a judgment finding that a contract existed by virtue of a prior agreement.
This court reversed the final judgment because it conflicted with the jury verdict and was based on a contract which had not been pled or tried below. In this case, as previously explained, the final judgment carried out the intention of the jury. It did not conflict with the jury verdict.
In Lafferty v. Tennant, 528 So.2d 1307 (Fla. 2d DCA 1988), also relied on by appellants, plaintiff brought suit against a husband and wife. In the interrogatory form of verdict submitted to the jury, only questions relating to the husband's conduct were posed. No questions were asked of the jury about the wife's alleged tortious conduct. The trial court entered a judgment against the wife apportioning damages between her and the husband.
This court reversed the final judgment insofar as it awarded damages against the wife because no findings had been made by the jury as to the wife. In this case, there have been findings made by the jury as to both Brod and G.M. Brod, for breach of the partnership agreement.
Finally, in Leatherby Insurance Company v. Eckerson, 362 So.2d 320 (Fla. 3d DCA 1978), cited by appellants in support of their motion for rehearing, the jury returned two separate verdict forms against joint-tortfeasors. The trial court voided the verdict forms and instructed the jury to assess amounts against both defendants in one form. The jury returned unable to agree. The trial court then declared a mistrial and discharged the jury. Subsequently, the trial court used the "voided" verdicts and entered a judgment, which assessed and apportioned the amount of damages.
This court reversed and remanded for a new trial because there had been no proper jury verdict. Here, there has been a proper jury verdict.
Accordingly, appellants' motion for rehearing, clarification, and certification of this court's decision is denied.
NESBITT and GERSTEN, JJ., concur.
COPE, Judge (dissenting).
I would grant the motion for rehearing with respect to Dennis Brod, reverse the final judgment and remand with directions to reduce the final judgment amount to the amount reflected in the verdict, i.e., $85,625.
Before SCHWARTZ, C.J., and BARKDULL, HUBBART, NESBITT, BASKIN, FERGUSON, JORGENSON, COPE, LEVY, GERSTEN and GODERICH, JJ.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
Motion for rehearing en banc denied.
SCHWARTZ, C.J., and HUBBART, NESBITT, BASKIN, LEVY, GERSTEN and GODERICH, JJ., concur.
FERGUSON, Judge (dissenting to denial of Rehearing En Banc).
A jury returned a verdict, on forms submitted and agreed to by the parties, finding the appellants separately liable to the appellee and assigning damages as follows: (1) on the claim of Adler for breach of a partnership against E. Dennis Brod, $85,625, (2) on the claim of Adler for breach of partnership against G.M. Brod & Company, Inc., $85,625, and (3) on the claim of Adler for breach of contract against G.M. Brod & Company, Inc., $173,459.22.
*1315 The trial court aggregated the damages assessed against Brod individually with the damages found against G.M. Brod & Company, Inc., and entered a final judgment against Dennis Brod and G.M. Brod & Company, jointly and severally, in the amount of $484,182 inclusive of interest at the rate of 12%, which will continue at the rate of $113.32 a day.
The appellants argue that the judgment is inconsistent with the verdict and that the trial court was not empowered to aggregate the damages of the individual defendants. The appellee defends the judgment as one which effects the intent of the jury and complies with the law. In my view the appellants are correct.
Where a jury verdict is obviously inconsistent with the controlling law, and could have been corrected or preserved for review by additional instructions to the jury or by corrected verdict forms, failure to object to the verdict constitutes a waiver unless the defect is of constitutional or fundamental character. See Gould v. National Bank of Florida, 421 So.2d 798 (Fla. 3d DCA 1982); Robbins v. Graham, 404 So.2d 769 (Fla. 4th DCA 1981) (failure to object to irregular form of jury verdict, substance of which was clearly ascertainable and internally consistent, constituted a waiver of defects).[1] What the jury intended was very clear from the verdict forms given them by the parties with the court's approval. Any error in the verdict was thus invited. Schaffer v. Pulido, 492 So.2d 1157 (Fla. 3d DCA 1986); Perry v. State, 362 So.2d 460 (Fla. 1st DCA 1978) (where defendant failed to object to verdict form which was contrary to law, error was invited and defendant is not entitled to post-verdict relief). Further, if the jury had been instructed that, as a matter of law, it could not have assessed damages against the defendants separately, it could have corrected the verdict on new forms, and would have been free to change the total damage award.
On the precise question raised by this appeal we held, in Leatherby Ins. Co. v. Eckerson, 362 So.2d 320 (Fla. 3d DCA 1978), that a trial judge has no authority to combine damage awards where a jury has returned separate verdicts against joint tortfeasors  even if the jury verdicts are contrary to the law. All that the aggrieved party would be entitled to is a grant of a motion for a new trial. Failure of the appellee to make a timely objection to the verdict constituted a waiver of the defects.
For the same reason that the verdict was both invited and correctable by the jury, it was not fundamentally wrong so as to justify alteration by the court after the jury had been discharged. We have held that fundamental error arises "only when it affirmatively appears that it could not have been cured below if met with a timely objection." Wagner v. Nottingham Assocs., 464 So.2d 166, 170 (Fla. 3d DCA), rev. denied, 475 So.2d 696 (Fla. 1985). The judgment as entered substantively alters the jury verdict.
I would grant the motion for rehearing en banc, reverse, and remand with instructions to enter a new judgment in accordance with the jury verdict.
BARDKULL, JORGENSON and COPE, JJ., concur.
NOTES
[1] In both Gould and Robbins the appellants sought a new trial instead of a substantive amendment to the verdict by the Final Judgment.