683 So.2d 156 (1996)
Martin F. GREENBERG, Stanley H. Kuperstein and Karl M. Sachs, as the Majority in Interest of the General Partners and for the Use and Benefit of Kismet Apartments, Ltd., a Florida Limited Partnership, Appellants,
v.
Harry GROSSMAN, Appellee.
No. 96-1.
District Court of Appeal of Florida, Third District.
October 30, 1996.
Rehearing Denied December 4, 1996.
*157 Roger A. Bridges, Coral Gables, for appellants.
Keith, Mack, Lewis, Cohen & Lumpkin and Norman S. Segall and Jack R. Reiter, Miami, for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
Appellants Greenberg, et al., challenge a damage award in their favor in which the trial judge refused to award prejudgment interest. The appellee Grossman cross-appeals, contending that the trial court erred in aggregating three separate compensatory damage counts. We find no merit in the cross-appeal, see Brod v. Adler, 570 So.2d 1312 (Fla. 3d DCA 1990), review denied, 577 So.2d 1325 (Fla.1991); Phillips v. Ostrer, 481 So.2d 1241 (Fla. 3d DCA 1985), review denied, 492 So.2d 1334 (Fla.1986); R.W. King Const. Co. v. City of Melbourne, 384 So.2d 654 (Fla. 5th DCA 1980), and therefore discuss only the initial appeal.
This matter recurred in the trial court following remand for a new trial on damages that was ordered in Grossman v. Greenberg, 619 So.2d 406 (Fla. 3d DCA 1993), review denied, 629 So.2d 133 (Fla.1993). At this trial a verdict form was submitted to the jury, (the form of which is not complained of here), and it listed four separate categories of possible damages. The jury returned a verdict as follows: Fraud$65,000, Punitive Damages$80,000, Civil Theft$36,000 and Breach of Fiduciary Duty$50,000. Greenberg filed a motion for entry of final judgment and for a correction of the jury verdict, arguing that prejudgment interest should have been added to the total compensatory damages and the civil theft verdict should have been trebled. The court entered judgment for $303,000, which amount was calculated as follows: Aggregation of damages $151,000, Trebling of Civil Theft$72,000 and Punitive Damages$80,000. This appeal and cross-appeal ensued.
We find no error in the trial court's computation of damages except that, as Greenberg recognizes, he cannot recover both punitive damages and the $72,000 trebled civil theft award. See § 812.035(7), Fla. Stat. (1995). Greenberg concedes that he may properly recover prejudgment interest on only the amount stolen, not on the amount as trebled under the civil theft statute, see Vining v. Martyn, 660 So.2d 1081 (Fla. 4th DCA 1995), or on the punitive damage award.
When a verdict liquidates damages on a plaintiff's out-of-pocket pecuniary losses, the plaintiff is entitled to prejudgment interest at the statutory rate from the date of such loss. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985); Underhill Fancy Veal, Inc. v. Padot, 677 So.2d 1378 (Fla. 1st DCA 1996); Machado v. Foreign Trade, Inc., 478 So.2d 405 (Fla. 3d DCA 1985), disapproved on other grounds, Cheek v. McGowan Elec. Supply Co., 511 So.2d 977 (Fla.1987). Where there has been a series of civil thefts, prejudgment interest is an element of compensatory damages and should be calculated from the date of each taking. Miller v. Reinhart, 548 So.2d 1174 *158 (Fla. 4th DCA 1989). In this case, the damages consisted of payments on a note and commissions from a consulting agreement. Greenberg asserts that a certified public accountant testified as to the date that each payment was made and calculated prejudgment interest for each payment from that date. The accountant also calculated the prejudgment interest on the commissions from the last date that Grossman testified he received those commissions. Since the dates at which the losses occurred are ostensibly ascertainable from the record, it would appear that it was error for the trial judge not to award prejudgment interest. The parties agreed at oral argument that neither side wanted any further evidentiary hearings and that the case should be brought to an end. Therefore, the trial judge is directed to award prejudgment interest on any portion of the damages that are determinable as of a date certain from the record. Upon remand of this matter for calculation of prejudgment interest, Greenberg must make an election between the punitive damages and the trebled civil theft award. If he elects the civil theft award, he is entitled to attorney's fees pursuant to Florida Statute section 772.11 (1995).[1]
Affirmed in part, reversed in part with directions.
NOTES
[1] We also conditionally grant his motion for appellate fees in the event he elects to recover under Florida Statute section 772.11 (1995) and remand to the trial court to fix amount of any such award.